IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| DERONTA SKIPPER, #257 518 | * | |
| Petitioner, | * | |
| v. | * | 2:08-CV-449-WKW |
| | | (WO) |
| WARDEN J.C. GILES, *et al.*, | * | |
| Respondents. | * | |

_____

**O R D E R**

This case is before the court on Petitioner's writ of habeas corpus filed pursuant to the provisions of 28 U.S.C. § 2241. He complains that he is being restrained of his liberty by classification officers who have designated him as a sex offender which affects his ability to enter less restrictive programs and/or obtain a lesser custody classification. Petitioner requests that his habeas petition be granted and that the illegal restraint imposed on him by classification officers be lifted in order to allow him to receive the privileges to which he is entitled.

The law directs that a petition for writ of habeas corpus filed by "a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the [convicting] State ..." *See* 28 U.S.C. § 2254(1)(b)(1)(A); *see also Skinner v. Wiley,* 355 F.3d 1293, 1295 (11th Cir. 2004) (a prisoner "seeking habeas relief, including relief pursuant to 28 U.S.C. § 2241, [is] subject to administrative exhaustion requirements."). Although § 2241 does not explicitly

require exhaustion of state or administrative remedies for habeas petitions, judicial decisions have incorporated an exhaustion requirement as part of the judicial review under § 2241. *See Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 489-92 (1973); *Dill v. Holt*, 371 F.3d 1301, 1303 (11th Cir. 2004); *Medberry v. Crosby*, 351 F.3d 1049, 1059 (11th Cir. 2003). The exhaustion requirement is based on principles of comity, requiring Petitioner to give "state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel,* 526 U.S. 838, 844-45 (1999).

Upon review of the petition and supporting evidentiary material filed in this case, it appears that Petitioner has not yet exhausted his available state court remedies with respect to each of the claims presented in his petition for habeas corpus relief. This court does not deem it appropriate to rule on the merits of Petitioner's claims without first requiring that he exhaust state remedies. *See* 28 U.S.C. § 2254(1)(b)(2).

Accordingly, it is

ORDERED that on or before **July 14, 2008** Petitioner shall show cause why his petition should not be dismissed for failure to exhaust state remedies.

Done, this 23rd day of June 2008.

 /s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE