IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DERONTA SKIPPER, | ) | |
| AIS # 257518 | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v | ) | Civil Action No. 2:08cv449-WKW |
| | ) | (WO) |
| WARDEN J.C. GILES, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause is before the court on a 28 U.S.C. § 2241 petition for habeas corpus relief filed by Alabama inmate Deronta Skipper ("Skipper"). (Doc. No. 1.)  In his petition, Skipper contends that he is being unlawfully restrained of his liberty by classification officers who have designated him as a sex offender, which affects his ability to enter less restrictive programs and/or to obtain a lesser custody classification.  Skipper requests that his petition be granted and that the "illegal restraint" imposed on him be lifted in order to allow him to receive the privileges to which he says he is entitled.

Because a facial review of Skipper's petition and supporting material indicated that Skipper has not yet exhausted his available state court remedies with respect to the claims presented in his petition, this court entered an order affording him an opportunity to show cause why his petition should not be dismissed for his failure to exhaust the remedies available to him in the state courts. (Doc. No. 4.)  Skipper filed nothing in response.

## DISCUSSION

The law directs that a petition for writ of habeas corpus filed by "a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the [convicting] State."  *See* 28 U.S.C. § 2254(1)(b)(1)(A); *see also Skinner v. Wiley,* 355 F.3d 1293, 1295 (11th Cir. 2004).  Although § 2241 does not explicitly require exhaustion of state or administrative remedies for habeas petitions, judicial decisions have incorporated an exhaustion requirement as part of the judicial review under § 2241.  *See Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484,  489-92 (1973); *Dill v. Holt*, 371 F.3d 1301, 1303 (11th Cir. 2004); *Medberry v. Crosby*, 351 F.3d 1049, 1059 (11th Cir. 2003).  The exhaustion requirement is based on principles of comity, requiring a petitioner to give "state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  *O'Sullivan v. Boerckel,* 526 U.S. 838, 844-45 (1999).

Review of the pleadings this case reveals that Skipper has not yet exhausted his available state court remedies with respect to each of the claims presented in the instant petition for habeas corpus relief.  This court does not deem it appropriate to rule on the merits of Skipper's claims without first requiring that he exhaust state remedies.  *See* 28 U.S.C. § 2254(1)(b)(2).  Consequently, the Magistrate Judge concludes that the petition for habeas corpus relief should be dismissed without prejudice so that Skipper can pursue his available

2

state court remedies.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief be denied and that the petition be dismissed without prejudice to afford Skipper an opportunity to exhaust all available state court remedies.  It is further

ORDERED that on or before July 23, 2008, the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacSkipper on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

3

Done this 22nd day of July, 2008.


       /s/Wallace Capel, Jr.
_____
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE